Jean Hepburn sued her employer, Tallassee Super Foods, for workers' compensation benefits she claims she was owed because of foot problems. After a hearing, the trial court entered a judgment finding that Hepburn was permanently and totally disabled as the result of an on-the-job accident and awarding benefits accordingly. Tallassee Super Foods appeals.
The standard of review this court must apply in this case is derived from § 25-5-81(e)(1), Ala. Code 1975, which provides: "In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness." Furthermore, the Workers' Compensation Act provides that "in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence." §25-5-81(e)(2). The Alabama Supreme Court has defined "substantial evidence" as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989); Exparte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala. 1996).
Tallassee Super Foods contends that the trial court erred in finding that Hepburn's injury arose out of and in the course of her employment. It argues that the evidence does not support the statement, made in the court's judgment, that Dr. Gregory Dubay, a podiatrist, "testified that there was a specific event on the job that caused this injury." Instead, it says, the evidence shows that Hepburn did not have a specific accident but that her injury was the result of gradual deterioration or cumulative physical stress. It also says that Hepburn failed to show that her foot injury arose *Page 479 
out of and in the course of her employment. We agree.
Hepburn, who was 51 years old at the time of the trial, was the "deli manager" for the Tallassee Super Foods grocery store. She testified that she was on her feet all but about 15 to 30 minutes of her usual 8 to 10-hour workday. When Hurricane Opal passed through the Tallassee area in October 1995, the store served meals to people who were working to restore electric power. Because Hepburn helped with the meals, she put in longer hours during that period than usual, working 127 hours in one week.
Hepburn testified that the week she worked 127 hours she was on her feet so much that "after a couple of days" she started having pain in the bottom of her foot. She said she told the owner of Tallasee Super Foods about the pain, telling him she thought she "might have a bunion or something." She went to her family physician, Dr. Robert Story, who referred her to Dr. Dubay, the podiatrist.
As mentioned above, the trial court stated that Dr. Dubay "testified that there was a specific event on the job that caused this injury." We find no such testimony in the record. In fact, Dr. Dubay's office notes read as follows: "[Hepburn] cannot recall any specific injury except there has been a major change in her life due to Hurricane Opal." In examining Hepburn, Dr. Dubay found what he believed to be a stress fracture. Hepburn was given a walking cast and was told to stay off her foot; however, she continued to experience pain and other stress fractures. Testimony from Dr. Dubay and other doctors who examined Hepburn indicates that she suffers from osteoporosis and degenerative changes. The evidence tends to show that Hepburn's injury is most likely the result of deterioration or cumulative physical stress. When an injury results from gradual deterioration or cumulative physical stress it is compensable only if it is shown, by clear and convincing evidence, that the injury arose out of and in the course of the employee's employment. § 25-5-81(c), Ala. Code 1975.
The Workers' Compensation Act defines "clear and convincing evidence" as follows:
 "[E]vidence that, when weighted against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt."
§ 25-5-81(c), Ala. Code 1975.
"To establish causation in a workers' compensation case where the injury is nonaccidental, meaning that the injury was not caused by a sudden and unexpected external event, a claimant must satisfy a two-part causation test by producing substantial evidence establishing both (a) legal causation and (b) medical causation." Ex parte Trinity Indus., supra, at 269.
To establish legal causation, a plaintiff must show that during the employment he or she was "exposed to `danger or risk materially in excess' of that danger to which all persons are ordinarily exposed in their everyday lives." Id. at 266 (quotingCity of Tuscaloosa v. Howard, 55 Ala. App. 701, 318 So.2d 729,732 (Ala.Civ.App. 1975)). In Ex parte Trinity Indus., the supreme court explained the claimant's burden of establishing medical causation:
 "[A] claimant . . . must produce substantial evidence tending to show that the exposure to risk or danger proven in step one of the Howard test `was in fact [a] contributing cause of the injury' for which benefits are sought. Howard, 318 So.2d at 732. `Whether the claimant has satisfied this test . . . must be determined on a case-by-case basis.' Ex parte Price, 555 So.2d 1060, 1062 (Ala. 1989). . . . In determining whether substantial evidence was produced at trial as to medical causation, we must look to *Page 480 
see whether `evidence [was produced at trial] of such weight and quality that fair-minded persons in the exercise of impartial judgment [could] reasonably infer that the risk or danger proven to have existed was in fact [a] contributing cause of the injury.'"
Ex parte Trinity Indus., supra, at 269.
The record contains no substantial evidence to support the trial court's finding that Hepburn suffered an injury in a "specific event." Because the trial court applied the wrong standard in determining that Hepburn was entitled to receive workers' compensation benefits, we must reverse the judgment and remand the cause for the trial court to apply the correct standard. On remand, the trial court must determine whether Hepburn presented clear and convincing evidence showing that her injury arose out of and in the course of her employment in accordance with the law, as set out above.
Because we reverse the judgment, we need not address the other issues raised by Tallassee Super Foods.
REVERSED AND REMANDED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ., concur.